# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 08 CR 848 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| JOE HESTER, ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Defendant Joe Hester has filed another post-trial motion, entitled "Motion for Acquittal and Actual Innocence Due to Lack of Evidence" [246]. Defendant does not cite any rule of criminal procedure as the basis of his current motion; however, based on the content, it appears to be a combination motion for acquittal pursuant to Federal Rule of Criminal Procedure 29 and motion regarding newly discovered evidence pursuant to Rule 33(b)(1). For the reasons set forth below, the motion [246] is denied.

**I.   Background**

On October 21, 2008, Hester was arrested on a criminal complaint charging him with a violation of 18 U.S.C. §922(g). After the Government was granted several extensions of time to return an indictment, on February 17, 2009, the grand jury returned a three-count indictment charging Hester with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and two counts of possession of narcotics with intent to distribute [24].[1] On December 9, 2009, a grand jury returned a superseding indictment based on substantially the same charges [89]. After a lengthy pre-trial process and considerable motion practice, a jury trial commenced on October 24, 2011. On October 27, 2011, the jury returned a verdict of guilty as

---

[1]  On March 25, 2009, Hester's attorney moved to withdraw [41], which the Court granted on March 26, 2009. A federal defender panel attorney was appointed as standby counsel on April 8, 2009. On May 15, 2009, Judge Manning, to whom this case previously was assigned, granted Hester's request to proceed *pro se*. He has represented himself, with the assistance of standby counsel, since that date.

to all three counts. Defendant then filed a motion for judgment notwithstanding the verdict and a motion to dismiss; the Court denied both motions [241]. While the parties prepared for sentencing, Defendant filed the instant motion, asserting many of the same arguments previously raised and rejected as well as a few new contentions.

**II      Analysis**

   **A.      Timeliness**

Pursuant to Rule 29(c)(1), a motion for judgment of acquittal must be filed within 14 days after a guilty verdict. *Id*. Rule 45(b) provides for an extension of time of the 14-day period on the court's own motion, or on a party's motion if the motion is filed before the 14-day period expires. The Court on its own motion allowed Defendant three extensions of time, up until February 15, 2012, in which to file his post-trial motions. Defendant then filed a post-trial motion on February 14, 2012, which the Court ultimately denied. Defendant filed the current motion on June 28, 2012. The Government objects to the motion as both untimely and without merit.

Rule 45(b)(1)(A) provides that the court may extend the time to file post-trial motions after the 14-day period elapses "if the party failed to act because of excusable neglect." Defendant's current motion fails to set forth any reason why he did not file the motion, or raise the arguments in it, by February 15, 2012. Indeed, many of his arguments rehash the arguments that he made in his February 14, 2012 filing, which were denied in the Court's opinion of May 10, 2012. As for the new arguments, Defendant does not give any reason why they were not raised in his initial February 14, 2012 filing. In fact, Defendant's reply brief does not even mention the timeliness issue, even though it was the primary ground cited by the Government for denying Defendant's most recent motion. Since (i) Defendant's motion is untimely, (ii) the

2

Government objects to the motion, and (iii) Defendant has failed to demonstrate excusable neglect, the motion fails on timeliness grounds. See *Carlisle v. United States*, 517 U.S. 416, 433 (1996) (holding that a court may not grant a postverdict motion for a judgment of acquittal that is untimely under Rule 29(c) when the prosecutor objects); see also *Eberhart v. United States,* 546 U.S. 12, 18 (clarifying that Rules 29 and 33 are nonjurisdictional, but rather are "claim-processing-rule[s]" that are "admittedly inflexible because of Rule 45(b)'s insistent demand for a definite end to proceedings.").

    B.    "New" Evidence

Although the Court concludes that Defendant's motion is untimely, in an abundance of caution, the Court briefly addresses the "new" arguments raised in Defendant's motion.[2] Pursuant to Rule 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." To obtain a new trial based upon newly discovered evidence, the defendant is responsible for showing that the evidence: "(1) was discovered after trial; (2) could not have been discovered sooner with due diligence; (3) was material and not simply impeaching or

---

[2] To the extent Defendant rehashes prior arguments, the Court stands on its many prior opinions and in-court explanations addressing these arguments. For instance, Defendant reargues his previously raised contention regarding the failure of the Government to call the confidential informant as a witness at trial. This argument was raised most recently in his February 14, 2012 motion and rejected by this Court on May 10, 2012. [See 241 at 9-11.] Defendant also claims that the Government failed at trial to prove that he constructively possessed the two weapons at issue. This argument also was raised in his February 14, 2012 motion and also previously rejected by this Court. [See id. at 7-8, 1-13.] Defendant further contends that because, in his opinion, the state court could not have successfully convicted him on a charge of felon in possession, and the Government could not prove, as a matter of Defendant's interpretation of Illinois law, that he possessed the firearms at issue, he should not have been convicted of the federal charges. Hester raised this same argument in open court on October 18, 2011, and the Court rejected it. [See 227 at 10-11.] He raised it again during the testimony of Officer Peter Soraghan on October 25, 2011, and the Court again rejected it. [See 225 at 216.] Further, Defendant has failed to provide any legal support for the contention that he advances regarding Illinois law or regarding its applicability to the federal case at issue.

cumulative; and (4) if presented at a new trial would 'probably result in acquittal.'" *United States v. Reyes*, 542 F.3d 588, 595 (7th Cir. 2008) (internal citation omitted).

Defendant attaches four documents to his motion. Attachment 1 is a letter dated "April 2012" signed by a James A. Owens, landlord since at least 1994 of the building that was the subject of the search warrant. The letter relates that Owens was not aware of any bed in the second bedroom in Defendant's apartment, and on the morning after the arrest, he found the entry door to the building to be damaged but the entry door to the apartment to be intact. The motion does not explain why Defendant did not call Owens as a witness at trial or why he could not have discovered Owens at some point earlier than April 2012. Moreover, Owens' information appears to be at best merely impeaching. Government counsel has not been able to find any trial testimony in the transcript regarding the presence of a bed in the second bedroom, and the information regarding the condition of the two entry doors appears to be directed to impeaching the officers' testimony regarding the forced entry to the apartment.

Attachment 2 is a letter dated October 21, 2011, from Dorlice Johnson, who is a friend of Defendant's and a fellow resident of the apartment at issue in this case. Defendant chose not to call Johnson as a witness at trial. [See 228 at 66 ("Hester: Ms. Johnson will not be testifying at trial.").] The letter, addressed to the Executive Committee of the District Dourt, sets forth Ms. Johnson's personal opinions concerning certain rulings made by the Court, includes her own opinions of Defendant, and states that the firearms at issue in this case initially belonged to her sister, who asked Ms. Johnson to keep them for her in 2006 and who died in January of 2007 without retrieving the weapons from the apartment. This evidence is not "newly discovered" as the letter is dated prior to the start of trial and Defendant knew about it no later than the last day of trial, nor would introduction of the evidence "probably resulted in acquittal." Ms. Johnson

admits to the presence of two firearms in the apartment and indicates that they were stored in her closet. Such an admission is not exculpatory, as Defendant seems to think: in fact is it significantly damning, since it acknowledges the existence of the firearms in the apartment and begs the question of how they traveled from Ms. Johnson's closet to under Defendant's mattress, the location where the guns were found according to the testimony of the agents at trial. Furthermore, the letter is an obvious attempt to perform an end-run around Defendant's decision not to call Ms. Johnson at trial, and coincidentally Ms. Johnson's decision to invoke the Fifth Amendment, by introducing her testimony in hearsay fashion and without subjecting her to cross examination.

Attachment 3 is a letter from a Robert Conley, dated July 27, 2010, describing his recollection of a police officer asking some 5 or 6 years earlier whether Defendant lived in the building. Given the date on the letter, more than a year before trial, it cannot be considered "newly discovered" at this late date. Furthermore, the letter describes an incident occurring in 2004 or 2005, some two or three years before the events at issue in the indictment. Attachment 4 is a second letter from James Owens, dated May 2009. It sets forth some personal observations regarding Defendant and notes that the building can only be accessed with a key. Again, this information was known before trial and the issue of "access" to Defendant's building was discussed several times leading up to trial. The letter, as well as its evidentiary value, is not "newly discovered."

\* \* \* \*

At the end of the day, Hester's main contention continues to be that the Government failed to meet its burden of proof regarding possession of the firearms at issue in the superseding indictment, arguing that he was found guilty solely because he was a resident of the apartment,

but that knowledge and possession were never proved. Contrary to Hester's arguments, for the reasons stated in the Court's May 10, 2012 opinion, there was ample evidence at trial to support the jury's finding that he knew the firearms were in the apartment and that he possessed them.

## III. Conclusion

For these reasons, the Court denies Defendant Hester's "Motion for Acquittal and Actual Innocence Due to Lack of Evidence" [246].

Dated: September 21, 2012  _____
Robert M. Dow, Jr.
United States District Judge